**COHEN & MIZRAHI LLP**
Yosef Steinmetz
Florida Bar No.: 119968
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
Phone: (929) 575-4175
Fax: (929) 575-4195
ysteinmetz@cmlattorneys.com

*ATTORNEY FOR PLAINTIFF*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MATTHEW GRZESZCZAK,<br><br>                  Plaintiff,<br>vs.<br><br>ABILITY RECOVERY SERVICES LLC and RECEIVABLE MANAGEMENT GROUP INC.,<br>                  Defendants. | Civil Action No.: _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Matthew Grzeszczak ("Plaintiff") brings this action against defendants Ability Recovery Services LLC, ("Ability Recovery") and Receivable Management Group Inc. ("Receivable Management") (collectively, "Defendants") and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1. This is an action to recover damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Defendants have been furnishing inaccurate account information that was published on Plaintiff's credit reports. On February 8, 2021, Plaintiff submitted debt validation letters to Defendants, Experian, and Trans Union disputing the accuracy of reporting and asking Defendants to validate the details of the accounts.

2. The FDPCA provides that once a consumer disputes the details of an account, the debt collector is prohibited from re-reporting the account without marking the account as disputed. Nonetheless, Defendants continued to communicate the information without marking the accounts as disputed or otherwise updating the accounts as necessary. Defendants' reporting was thus misleading as a matter of law.

3. Plaintiff was later denied an extension of credit based on the misleading information communicated by Defendants and has been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

## JURISDICTION AND VENUE

4. The claims asserted in this complaint arise under 15 U.S.C. § 1692e of the FDCPA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff resides in Broward County, Florida, and qualifies as a "consumer" as that term is defined under 15 U.S.C. § 1692a. Plaintiff is an individual.

7. Ability Recovery is a foreign corporation and debt collection agency that uses the mail, telephone, and facsimile, and is registered to do business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant qualifies as a "debt collector" under the FDCPA.

8. Receivable Management is a foreign corporation and debt collection agency that uses the mail, telephone, and facsimile, and is registered to do business in this District, the principal

purpose of which is to attempt to collect debts alleged to be due another.  Defendant qualifies as a "debt collector" under the FDCPA.

## SUBSTANTIVE ALLEGATIONS

9. The case involves an Ability Recovery collections account that was reported on Plaintiff's Experian credit report, and a Receivable Management collections account that was reported on Plaintiff's Trans Union credit report.

10. The original creditor of the Ability Recovery account was Sterling Emergency Services, a Florida medical group.  The account was charged off and purportedly sold to Ability Recovery in October 2020.

11. The original creditor of the Receivable Management accounts was Intellirad Imaging, a Florida medical diagnostic imaging center.  The accounts were charged off and purportedly sold to Receivable Management in September 2017 and January 2018.

12. On February 8, 2021, after Plaintiff learned that Defendants communicated inaccurate information about the collections accounts, Plaintiff sent debt validation letters directly to Defendants disputing the accuracy of information on the accounts.

13. Under the FDCPA, the receipt of Plaintiff's debt validation letter required Defendants to cease communicating information about the account without marking the account as disputed.

14. On February 8, 2021, Plaintiff also disputed the Ability Recovery and the Receivable Management account reporting by submitting written dispute letters to Experian and Trans Union's respective Fair Credit Reporting Act compliance departments.

15. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, upon receiving Plaintiff's dispute letters, Experian and Trans Union were each statutorily obligated to notify Defendants of the dispute within 5 days.

16. Defendants' receipt of notification of Plaintiff's dispute triggered Defendants' statutory obligations to conduct an investigation, mark the accounts as disputed, and delete the disputed information from Plaintiff's accounts.

17. Nonetheless, Defendants continued to communicate account information without marking the accounts as disputed.

18. Plaintiff was later denied the extension of further credit based on the inaccurate communications.

## CAUSES OF ACTION

## COUNT I

### Against Defendants for Violation of the FDCPA, 15 U.S.C. § 1692e

19. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

20. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Subsection (8) of that provision specifically states that "the failure to communicate that a disputed debt is disputed" is a violation of this section, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, ***including the failure to communicate that a disputed debt is disputed***.

(emphasis added).

21. Defendants received debt validation letters from Plaintiff stating that the information on the accounts was disputed.

22. Further, upon information and belief, Defendants were notified by each of the two national credit bureaus that Defendants' account information was disputed.

23. Nonetheless, Defendants continued to report the details of Plaintiff's account to the credit reporting agencies without marking the accounts as disputed.

24. Plaintiff was later denied an extension of credit on the basis of the inaccurate reporting and has been forced to deal with the aggravation and humiliation of a poor credit score.

25. Accordingly, Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a)  awarding Plaintiff statutory money damages, actual damages and punitive damages;

b)  awarding attorney's fees and costs, and other relief; and

c)  awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

- 6 -

DATED:  May 27, 2021         **COHEN & MIZRAHI LLP**

*/s/ Yosef Steinmetz*
Yosef Steinmetz

Florida Bar No.: 119968
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Phone: 929/575-4175
Fax: 929/575-4195
ysteinmetz@cmlattorneys.com

*Attorney for Plaintiff*